FRANCESCHI ET AL., PLAINTIFFS AND APPELLEES, *v.* TRUJILLO & MERCADO, DEFENDANTS AND APPELLANTS.

## APPEAL from the District Court of Ponce in Attachment Proceedings.

### No. 1650.—Decided July 9, 1918.

ATTACHMENT — RENTS AND PROFITS — ALIENATION — INJUNCTION — JUDGMENT.—
In this case the lower court adjudged that the defendants surrender to the plaintiffs the possession of the Rufina plantation as described in the complaint and dismissed the complaint in so far as it prayed for an accounting of all the rents, profits and crops produced by the property up to the date of the judgment and for the restitution of said rents and profits.

On motion of the plaintiffs the trial court ordered alternatively that the alienation of the improvements made on the Rufina plantation and their removal therefrom be enjoined during the pendency of the action, without obligation on the part of the plaintiffs to furnish security; or the attachment of any other property than the improvements, upon giving security in the sum of $50,000.

Trujillo & Mercado appealed from the said order and the court held that as the judgment of May 28, 1916, denied the prayer for the restitution of the rents, profits and crops produced by the Rufina plantation up to that time, if the plaintiffs believe that they have any right to such rents, profits and crops after that date it is evident that no action could be taken by the court to secure such right, even supposing it to exist, because the judgment was silent as to these matters.

The facts are stated in the opinion.

Mr. *Antonio F. Castro* for the appellants.

Mr. *Eduardo Flores Colón* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On March 28, 1916, the District Court of Ponce rendered judgment in civil action No. 4313 brought by Alejandro Franceschi and others against Trujillo & Mercado, now Mario Mercado & Sons, for the recovery of a sugar-cane plantation called Rufina, situated in Pueblo and Indios wards of Guayanilla, adjudging that the defendants restore the said property, with the constituent parts thereof as described in the judgment, to the plaintiffs, and dismissing the complaint in so far as it prayed for an accounting of all the products, rents and crops produced by the property up to the date of the

judgment and also for the restitution of said products and rents.

On August 25, 1916, the attorney for the plaintiffs moved the said court for a writ of attachment against sufficient prop-erty of the defendants to cover the amount which, in its opinion, would secure the claim of the plaintiffs, alleging that the complaint had been filed on January 30, 1915, and judg-ments rendered on March 28, 1916; that in the said judgment the court held that the defendants were not obliged to restore the products and rents accrued during the uninterrupted pos-session of the property; that in accordance with the provi-sions of sections 453, 1844 and 1846 of the Civil Code the plain-tiffs had a right to receive the products and rents of the prop-erty in suit, whose net income for the crop of 1915 exceeded $50,000 and the present crop representing a like amount; that in order to secure the effectiveness of the judgment it was necessary that the court should order a *lis pendens* attachment of sufficient property to cover the value of the rents and pro-ducts produced and to be produced by the property described in the complaint. In support of their motion the plaintiffs cited sections 1 *et seq.* of the act to secure the effectiveness of judg-ments as amended by Act No. 27 of April 13, 1916.

Trujillo & Mercado opposed the said motion on the ground, among others, that prior to the rendition of judgment in the ac-tion and even prior to the filing of the complaint they had made several necessary and useful improvements on the property, which they enumerated, to the amount of $350,000, and that the District Court of Ponce, by its judgment of March 28, 1916, dismissed the complaint in so far as it prayed for an accounting and the restitution of products, it having found that Trujillo & Mercado had held the Rufina property in good faith during the entire time of their possession.

On February 28, 1917, the District Court of Ponce sus-tained the motion in alternative form, as follows: Restrain-ing the alienation or removal of any of the improvements

existing on the Rufina plantation during the pendency of
the suit, without security on the part of the plaintiffs, or
granting a writ of attachment against any property other
than the said improvements under a bond in the sum of
$50,000 to respond to the defendants for all damages that
they might be caused by reason of the attachment.

On motion of the defendants the court, by an order of
March 14, 1917, construed its decision of February 28, 1917,
in the sense that the improvements mentioned in the disposi-
tive part of said decision referred solely and exclusively to
the permanent improvements existing on the property, ex-
cepting only the products or sugar cane produced on the
property and also the industrial products derived from said
sugar cane.

The ruling of February 28, 1917, is brought before this
court for review by virtue of an appeal taken by the attorney
for Trujillo & Mercado, and as a result of the study which we
have given to the same we are of the opinion that it does
not conform to law.

The judgment rendered by the District Court of Ponce
on March 28, 1916, goes no further than to order that de-
fendants Trujillo & Mercado restore to the plaintiffs the Ru-
fina plantation, with the integral parts thereof as described
in the complaint, and expressly dismisses the complaint as
to the prayer for an accounting of all the products, rents
and crops produced by the property up to the date of the
judgment and for the restitution of the said products and
rents. It contains no pronouncement regarding the improve-
ments which may have been made by Trujillo & Mercado on
the Rufina property between the date of their acquisition of
the property and the date of the judgment.

The allegations of the plaintiffs in their motion for the
attachment tend to fix the liability of Trujillo & Mercado for
the products and rents of the Rufina plantation from the
time when their possession in good faith was interrupted by

the service of the summons upon them in the suit, as may be gathered from the wording of sections 453, 1844 and 1846 of the Civil Code cited in the motion, in which no mention is made of improvements. There are no products, nor rents, nor improvements to be secured by virtue of the judgment, which, as we have said and now repeat, contains no pronouncement in this connection.

The judgment of March 28, 1916, clearly denies the right of the plaintiffs to the restitution of products, rents and crops produced on the Rufina property up to that time, and if the plaintiffs believe that they have any right to such products, rents and crops since then, it is obvious that no order can be entered to secure such right, even supposing that they have such right, for the judgment made no pronouncement in this regard.

Nor does the judgment contain any pronouncement as to the improvements made on the property, and, what is more, the plaintiffs themselves made no allegation in their motion to secure the same.

The decision appealed from should be reversed and the motion of plaintiff-appellees for the attachment should be overruled.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.